IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HARTFORD LLOYDS INSURANCE COMPANY, | § § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. _____ |
| V. | § § | |
| UL, INC. D/B/A URBAN LIVING, VINOD RAMANI, AND PRESTON WOOD & ASSOCIATES, LLC | § § § § | |
| Defendants. | § § | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Hartford Lloyds Insurance Company ("Plaintiff" or "Hartford Lloyds") files this Complaint for Declaratory Judgment against Defendants UL, Inc. d/b/a Urban Living ("Urban Living"), Vinod Ramani ("Ramani"), and Preston Wood & Associates, LLC ("Preston"), and in support thereof, states as follows:

**I.
NATURE OF THE ACTON**

1. Hartford Lloyds brings this action seeking a declaratory judgment under Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201, 2202.

2. This is an action for declaratory judgment arising out of an actual and existing controversy concerning the parties' rights, status, and obligations under insurance policies issued by Hartford to Urban Living in connection with an underlying lawsuit filed in this Court styled as *Preston Wood & Associates, LLC v. RZ Enterprises USA, Inc. d/b/a Oppidan Homes, et al.*, Civil Action No. 4:16-cv-1427, in the United States District Court for the Southern District of Texas, Houston Division (the "Underlying Lawsuit").

3.     Hartford Lloyds seeks declarations that it does not owe a duty to defend or indemnify Urban Living or Ramani (collectively the "Insureds") for the Underlying Lawsuit.

## II.
## PARTIES

4.     Hartford Lloyds is an unincorporated association of ten (10) underwriters, all of whom reside outside of Texas and are citizens of a state other than Texas – the domiciliary states for the underwriters include Connecticut, Illinois, and South Carolina only.  The following are the ten (10) underwriters of Hartford Lloyds listed with their respective states of domicile and citizenship as of the commencement of this lawsuit:

      a. Eric I. Haslun, State of Connecticut;
      b. Donald C. Hunt, State of Connecticut;
      c. Lisa S. Levin, State of Connecticut;
      d. Gregory J. Manderlink, State of Connecticut;
      e. Christopher Mango, State of South Carolina;
      f. Randle L. McKee, State of Illinois;
      g. Mary B. Nasenbenny, State of Illinois;
      h. Allison G. Niderno, State of Connecticut;
      i. Anthony J. Salerno, Jr., State of Connecticut; and
      j. Terence D. Shields, State of Connecticut.

5.     Defendant Urban Living is a Texas corporation with its principal place of business in Houston, Texas.  It may be served with process through its registered agent, Vinod Ramani, 5023 Washington Avenue, Houston 77007.

6.     Defendant Ramani is an individual residing in this district, and may be served with process at his place of business, 5023 Washington Avenue, Houston, Texas 77007.

7.     Defendant Preston is a Texas Limited Liability Corporation that may be served with process through its registered agent, Jack Preston Wood, 500 Lovett Blvd., Suite 260, Houston, Texas 77006.

## III.
## JURISDICTION AND VENUE

8. The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1), because it involves a dispute between citizens of different states, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

9. Venue is appropriate in the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. § 1391(b)(2), because it is the judicial district where a substantial part of the events giving rise to the claim occurred. Venue is also appropriate in the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. § 1391(b)(1), because it is the judicial district where Ramani resides.

## IV.
## FACTUAL BACKGROUND

**A.    The Underlying Lawsuit**

10. Preston is a design firm that creates and licenses architectural works and technical drawings. Urban Living is a real estate company, and Ramani is its CEO. Preston sued Urban Living, Ramani and various others in the Underlying Lawsuit. A true and correct copy of the First Amended Complaint in the Underlying Lawsuit is attached hereto as Exhibit 1.

11. Preston alleged that it owned the copyrights of various architectural works and technical drawings identified in the Underlying Lawsuit. *See* Exhibit 1 at HLI 000007, *et seq.* Preston further alleged that it entered into a "Design Only / Stock Plan License Agreement" with Urban Living on January 17, 2014, which automatically terminated no later than January 17, 2015. *See* Exhibit 1 at HLI 000011. Preston further alleged that between January 17, 2014 and the termination of the Agreement (which was no later than January 17, 2015), Urban Living routinely created and distributed two-dimensional derivatives of Preston's works (in the form of

floorplans, elevations, and exterior renderings) that were used in marketing and advertising materials, including but not limited to materials on Urban Living's website, and none of these materials included the Preston Copyright Management Information required under the Agreement. *See* Exhibit 1 at HLI 000012, *et seq.*

12. Based on the allegations in the Underlying Lawsuit, Preston asserted the following causes of action against the Insureds and others:

   a. **Count I: Copyright Infringement**— The creation of design and construction drawings that infringe Preston's copyrighted works; the distribution of the same to advertise projects based on the allegedly infringing drawings; and the sale/offering for sale of structures based on the allegedly infringing drawings. *See* Exhibit 1 at HLI 000021, *et seq.*

   b. **Count II: DMCA 1202 Violations**—Violations of the Digital Millennium Copyright Act by creating and distributing marketing materials in the form of floorplans, elevation drawings and renderings, which are copies or derivatives of Preston works, and lacked the Preston Copyright Management Information that was a condition precedent to use of Preston's works. *See* Exhibit 1 at HLI 000026, *et seq.*

   c. **Count III: Declaratory Relief**—Seeking a declaratory judgment to determine the rights of Preston and Urban Living under the Agreement including but not limited to licenses. Preston seeks a declaration that Urban Living never satisfied the conditions precedent in the Agreement for Urban Living to sublicense Preston works to anyone and had no right to sublicense Preston works, and various other declarations. *See* Exhibit 1 at HLI 000029, *et seq.*

Preston also alleged that Ramini is vicariously liable for all acts of copyright infringement committed by Urban Living, and as such is jointly and severally liable for any award for copyright infringement entered in favor of Preston against Urban Living, and sought a declaration that Urban Living is jointly and severally liable with its putative sublicensees for any Preston works not in accordance with the Agreement.

13. The Underlying Lawsuit was tried to a jury who rendered a verdict on August 30, 2018, and the Court entered a Final Judgment and Permanent Injunction on November 8, 2018.

An Abstract of Judgment was issued on December 10, 2018. The Final Judgment ordered that Preston shall recover the following from Defendants UL, Inc. d/b/a Urban Living and d/b/a Urban Project Management and Vinod Ramani a/k/a/ Vinod Kewelramani, jointly and severally:

a. the sum of $7,539.60, plus post-judgment compounded interest at 2.67% per annum, pursuant to 17 U.S.C. § 504 (b); and

b. the sum of $28,790,000.00, plus post-judgment compounded interest at 2.67% per annum, pursuant to 17 U.S.C. § 1203(c)(2)(B).

**B.      The Policies**

14.    Hartford Lloyd's issued its Spectrum Business Insurance Policy No. 61 SBA ZK3752, including Business Liability Coverage Form SS 0008 0405, with liability limits of $2,000,000 for "personal and advertising injury" and $4,000,000 general aggregate for five consecutive policy periods years with the same or similar provisions that preclude coverage, as follows:

a. to UL, INC. D/B/A URBAN LIVING, with the policy period from 07/07/2017 to 07/07/2018 (the "2017 Policy"), a true and correct copy of which is attached hereto as Exhibit 2;

b. to URBAN LIVING, INC., with the policy period from 07/07/2016 to 07/07/2017 (the "2016 Policy"), a true and correct copy of which is attached hereto as Exhibit 3;

c. to URBAN LIVING, INC., with the policy period from 07/07/2015 to 07/07/2016 (the "2015 Policy"), a true and correct copy of which is attached hereto as Exhibit 4;

    d.    to URBAN LIVING, INC., with the policy period from 07/07/2014 to 07/07/2015 (the "2014 Policy"), a true and correct copy of which is attached hereto as Exhibit 5; and

    e.    to URBAN LIVING, INC., with the policy period from 07/07/2013 to 07/07/2014 (the "2013 Policy"), a true and correct copy of which is attached hereto as Exhibit 6. (The 2013 Policy, 2014 Policy, 2015 Policy, 2016 Policy, and 2017 Policy are collectively referred to as the "Policies".)

15. The Insuring Agreement of the Business Liability Coverage Form SS 00 08 04 05 of the Policies provides the following:

    a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury" to which this insurance does not apply.

    \*    \*    \*

    b.    This insurance applies:

    \*    \*    \*

    (2)    To "personal and advertising injury" caused by an offense arising out of your business, but only if the offense was committed in the "coverage territory" during the policy period.

*See* Exhibit 2 at HLI 000090; Exhibit 3 at HLI 000254; Exhibit 4 at HLI 000416; Exhibit 5 at HLI 000570; Exhibit 6 at HLI 000719.

16. The Exclusions of the Business Liability Coverage Form SS 00 08 04 05 applicable to Business Liability Coverage of the Policies provide that this insurance does not apply to:

    a.    **Expected or Intended Injury**

        (1)    "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" or "property damage" resulting from the use of reasonable force to protect persons or property; or

        (2)    "Personal and advertising injury" arising out of an offense committed by, at the direction of or with the consent or acquiescence of the insured with the expectation of inflicting "personal and advertising injury".

*   *   *

*See* Exhibit 2 at HLI 00092; Exhibit 3 at HLI 000256; Exhibit 4 at HLI 000418; Exhibit 5 at HLI 000572; Exhibit 6 at HLI 000721.

    p.    **Personal and Advertising Injury:**

        (1)    Arising out of oral, written or electronic publication of material, if done by or at the direction of the insured with knowledge of its falsity;

        (2)    Arising out of oral, written or electronic publication of material whose first publication took place before the beginning of the policy period

*   *   *

        (4)    Arising out of any breach of contract, except an implied contract to use another's "advertising idea" in your "advertisement" or on "your web site"

*   *   *

        (7)[1]    (a) Arising out of any actual or alleged infringement or violation of any intellectual property right, such as copyright, patent, trademark, trade name, trade secret, services mark or other designation of origin or authenticity; or

                (b) Any injury or damage alleged in any claim or "suit" that also alleges an infringement or violation of any intellectual property right, whether such allegation of infringement or violation is made by you or by any other party involved in the claim or "suit", regardless of whether this insurance would otherwise apply.

---

[1] This portion of the exclusion appears in endorsements in the policies at the following pages: Exhibit 2 at HLI 000123; Exhibit 3 at HLI 000285; Exhibit 4 at HLI 000478; Exhibit 5 at HLI 000632; Exhibit 6 at HLI 000781.

**COMPLAINT FOR DECLARATORY JUDGMENT**           **PAGE 7**
4586183v.5

> However, this exclusion does not apply if the only allegation in the claim or "suit" involving any intellectual property right is limited to:
>
> (1) Infringement, in your "advertisement", of:
>
>   (a) Copyright;
>   (b) Slogan; or
>   (c) Title of any literary or artistic work; or
>
> (2) Copying, in your "advertisement", a person's or organization's "advertising idea" or style of "advertisement".

*See* Exhibit 2 at HLI 000097; Exhibit 3 at HLI 261; Exhibit 4 at HLI 000423; Exhibit 5 at HLI 000577; Exhibit 6 at HLI 000726.

17. The Liability and Medical Expenses General Conditions of the Business Liability Coverage Form SS 00 08 04 05 applicable to Business Liability Coverage of the Policies include the following:

> **2. Duties In The Event Of Occurrence, Offense, Claim Or Suit**
>
>   **a. Notice Of Occurrence Or Offense**
>
>   You or any additional insured must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:
>
>   (1) How, when and where the "occurrence" or offense took place;
>   (2) The names and addresses of any injured persons and witnesses; and
>   (3) The nature and location of any injury or damage arising out of the "occurrence" or offense.
>
>   **b. Notice Of Claim**
>
>   If a claim is made or "suit" is brought against any insured, you or any additional insured must:
>
>   (1) Immediately record the specifics of the claim or "suit" and the date received; and
>   (2) Notify us as soon as practicable.
>
>   You or any additional insured must see to it that we receive a written notice of the claim or "suit" as soon as practicable

*See* Exhibit 2 at HLI 000104; Exhibit 3 at HLI 000268; Exhibit 4 at HLI 000430; Exhibit 5 at HLI 000584; Exhibit 6 at HLI 000733.

18. The Liability and Medical Expenses Definitions of the Business Liability Coverage Form SS 00 08 04 05 applicable to Business Liability Coverage of the Policies include the following:

> 5. "Bodily injury" means physical:
>    a. Injury;
>    b. Sickness; or
>    c. Disease
>
>    sustained by a person and, if arising out of the above, mental anguish or death at any time.
>
> \* \* \*
>
> 16. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.
>
> 17. "Personal and advertising injury"[2] means injury, including "bodily injury", arising out of one or more of the following offenses:
>    a. False arrest, detention or imprisonment;
>    b. Malicious prosecution;
>    c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person or organization occupies, committed by or on behalf of its owner, landlord or lessor;
>    d. Oral, written or electronic publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;
>    e. Oral, written or electronic publication of material that violates a person's right of privacy;
>    f. Copying, in your "advertisement", a person's or organization's "advertising idea" or style of "advertisement"; or
>    g. Infringement of copyright, slogan, or title or any literary or artistic work, in your "advertisement".

---

[2] Portions of this definition are amended by endorsements in the policies at the following pages: Exhibit 2 at HLI 000124; Exhibit 3 at HLI 000286; Exhibit 4 at HLI 000479; Exhibit 5 at HLI 000633; Exhibit 6 at HLI 000782.

**COMPLAINT FOR DECLARATORY JUDGMENT**  **PAGE 9**
4586183v.5

\* \* \*

20. "Property damage" means:
    a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
    b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of "occurrence" that caused it.

    As used in this definition, "electronic data" is not tangible property

*See* Exhibit 2 at HLI 000109, HLI 000111-112; Exhibit 3 at HLI 000273, 275-276; Exhibit 4 at HLI 000435, HLI 000437-438; Exhibit 5 at HLI 000589, 000591-591; Exhibit 6 at HLI 000738, HLI 000740-741.

19. The Endorsement Form SS 05 01 09 12 with Exclusion – Real Estate Liability and Real Estate Management Activities modifies the insurance provided by the Business Liability Coverage of the Policies as follows:

    A. This insurance does not apply to:
        1. Real Estate Development Activities; or
        2. Real Estate Management Activities.

    B. As used in this exclusion, the following definitions apply:
        1. "Real Estate Development Activities" means the acquisition of, improvement of, or investment in "Real Estate", and includes without limitation any participation, on your own behalf or on behalf of others, in the financing, design, site preparation, construction, renovation or maintenance of, or the extraction of natural resources from, "Real Estate".
        2. "Real Estate Management Activities" means the administration, supervision or management of "Real Estate" including without limitation:
            a. Acting as a real estate manager;
            b. Collecting rents;
            c. Maintaining records and preparation of financial reports and budgets;
            d. Complying with laws or regulations relating to the maintenance of "Real estate", including any duties owed to invitees, licensees and trespassers;
            e. Undertaking or arranging for repairs or maintenance, including any indoor or outdoor routine, corrective, preventive or emergency maintenance; and

      f.  Involvement in any tenant improvements.

   3.  Real Estate" means land, including the air above and ground below, and anything affixed to such land, including but not limited to buildings, structures or other improvements, regardless of whether such land is classified as residential, commercial, industrial, or otherwise.

  C.  This exclusion shall not apply to any "bodily injury", "property damage" or "personal and advertising injury" arising out of:
   1.  The ownership, operation, maintenance or use of such part of any premises you use for general office purposes; and
   2.  The listing, showing or marketing, whether for sale or lease, of any "Real Estate" for which you do not otherwise conduct "Real Estate Development Activities" or "Real Estate Management Activities".

*See* Exhibit 2 at HLI 000166; Exhibit 3 at HLI 000328; Exhibit 4 at HLI 000481; Exhibit 5 at HLI 000635; Exhibit 6 at HLI 000784.

20.    The Endorsement Form SS 05 62 03 00 with the Limitation of Coverage to Designated Premises or Project modifies the insurance provided by the Business Liability Coverage of the Policies as follows:

> This insurance applies only to "bodily injury", "property damage", "personal and advertising injury" and medical expenses arising out of:
> 1.    The ownership, maintenance or use of the premises shown in the Declarations and operations necessary or incidental to those premises; or
> 2.    The project shown in the Declarations.

*See* Exhibit 2 at HLI 000170; Exhibit 3 at HLI 000332; Exhibit 4 at HLI 000485; Exhibit 5 at HLI 000639; Exhibit 6 at HLI 000788.

## V.
## CAUSES OF ACTION

21.    Hartford Lloyds incorporates by reference the allegations of all foregoing paragraphs of this Complaint and incorporates them here as if fully set forth.

## Count I

**Declaratory Relief: No Duty to Defend the Insureds in the Underlying Lawsuit**

22. There exists a genuine and bona fide dispute and an actual controversy and disagreement between Hartford Lloyds and the Insureds about whether Hartford Lloyds has a duty to defend the Insureds in connection with the Underlying Lawsuit.

23. The Insureds submitted the Underlying Lawsuit to Hartford Lloyds for insurance coverage and Hartford Lloyds denied coverage. The Insureds assert that the denial was without merit.

24. Hartford Lloyds seeks a declaration from this Court confirming that its declination of a duty to defend with respect to the Underlying Lawsuit and applicable law was correct.

25. In accordance with the insuring agreements, provisions, terms, conditions, exclusions, and endorsements of the Policies, Hartford Lloyds has no duty to defend the Insureds in the Underlying Lawsuit under the Policies or applicable law for the following reasons:

   a. Pursuant to the Insuring Agreement of the Business Liability Coverage Form, the insurance only applies to "personal and advertising injury" caused by an offense arising out of [the insured's] business, but only if the offense was committed in the "coverage territory" during the policy period.

   b. Exclusion a.(2) specifically excludes from coverage "personal and advertising injury" arising out of an offense committed by, at the direction of or with the consent or acquiescence of the insured with the expectation of inflicting "personal and advertising injury".

   c. Exclusion p.(1), specifically excludes from coverage "personal and

advertising injury" arising out of oral, written or electronic publication of material, if done by or at the direction of the insured with knowledge of its falsity.

d. Exclusion p.(2), specifically excludes from coverage "personal and advertising injury" arising out of oral, written or electronic publication of material whose first publication took place before the beginning of the policy period.

e. Exclusion p.(4), specifically excludes from coverage "personal and advertising injury" arising out of any breach of contract, except an implied contract to use another's "advertising idea" in your "advertisement" or on "your web site."

f. Exclusion p.(7)(a), as amended by Business Liability Coverage Form Amendatory Endorsement SS 00 60 09 15, specifically excludes coverage for Personal and Advertising Injury arising out of any actual or alleged infringement or violation of any intellectual property right, such as copyright, patent, trademark, trade name, trade secret, services mark or other designation of origin or authenticity;

g. Exclusion p.(7)(b), as amended by Business Liability Coverage Form Amendatory Endorsement SS 00 60 09 15 specifically excludes coverage for any injury or damage alleged in any claim or "suit" that also alleges an infringement or violation of any intellectual property right, whether such allegation of infringement or violation is made by you or by any other party involved in the claim or "suit", regardless of whether this insurance would

      otherwise apply.

  h.  The Exclusion for Real Estate Development and Real Estate Management Activities in Endorsement Form SS 05 01 09 12, which states that the insurance does not apply to Real Estate Development Activities which include the acquisition of, improvement of, or investment in "Real Estate", and includes without limitation any participation, on your own behalf or on behalf of others, in the financing, design, site preparation, construction, renovation or maintenance of, or the extraction of natural resources from, "Real Estate".

  i.  Pursuant to the Limitation of Coverage to Designated Premises or Project Endorsement, the insurance only applies to "personal and advertising injury" arising out of:

      1.  The ownership, maintenance or use of the premises shown in the Declarations and operations necessary or incidental to those premises; or

      2.  The project shown in the Declarations.

## Count II

**Declaratory Relief: No Duty to Indemnify the Insureds in the Underlying Lawsuit**

26.  There exists a genuine and bona fide dispute and an actual controversy and disagreement between Hartford Lloyds and the Insureds about whether Hartford Lloyds has a duty to indemnify the Insureds in connection with the Underlying Lawsuit.

27.  The Insureds submitted the Underlying Lawsuit to Hartford Lloyds for insurance coverage and Hartford Lloyds denied coverage. The Insureds assert that the denial was without merit.

28. Hartford Lloyds seeks a declaration from this Court confirming that its declination of a duty to indemnify with respect to the Underlying Lawsuit and applicable law was correct.

29. In accordance with the insuring agreements, provisions, terms, conditions, exclusions, and endorsements of the Policies, Hartford Lloyds has no duty to indemnify the Insureds in the Underlying Lawsuit under the Policies or applicable law for the following reasons:

    a. Pursuant to the Insuring Agreement of the Business Liability Coverage Form, the insurance only applies to "personal and advertising injury" caused by an offense arising out of [the insured's] business, but only if the offense was committed in the "coverage territory" during the policy period.

    b. Exclusion a.(2) specifically excludes from coverage "personal and advertising injury" arising out of an offense committed by, at the direction of or with the consent or acquiescence of the insured with the expectation of inflicting "personal and advertising injury".

    c. Exclusion p.(1), specifically excludes from coverage "personal and advertising injury" arising out of oral, written or electronic publication of material, if done by or at the direction of the insured with knowledge of its falsity.

    d. Exclusion p.(2), specifically excludes from coverage "personal and advertising injury" arising out of oral, written or electronic publication of material whose first publication took place before the beginning of the policy period.

e. Exclusion p.(4), specifically excludes from coverage "personal and advertising injury" arising out of any breach of contract, except an implied contract to use another's "advertising idea" in your "advertisement" or on "your web site."

f. Exclusion p.(7)(a), as amended by Business Liability Coverage Form Amendatory Endorsement SS 00 60 09 15, specifically excludes coverage for Personal and Advertising Injury arising out of any actual or alleged infringement or violation of any intellectual property right, such as copyright, patent, trademark, trade name, trade secret, services mark or other designation of origin or authenticity;

g. Exclusion p.(7)(b), as amended by Business Liability Coverage Form Amendatory Endorsement SS 00 60 09 15 specifically excludes coverage for any injury or damage alleged in any claim or "suit" that also alleges an infringement or violation of any intellectual property right, whether such allegation of infringement or violation is made by you or by any other party involved in the claim or "suit", regardless of whether this insurance would otherwise apply.

h. The Exclusion for Real Estate Development and Real Estate Management Activities in Endorsement Form SS 05 01 09 12, which states that the insurance does not apply to Real Estate Development Activities which include the acquisition of, improvement of, or investment in "Real Estate", and includes without limitation any participation, on your own behalf or on behalf of others, in the financing, design, site preparation, construction, renovation or

maintenance of, or the extraction of natural resources from, "Real Estate".

i. Pursuant to the Limitation of Coverage to Designated Premises or Project Endorsement, the insurance only applies to "personal and advertising injury" arising out of:

1. The ownership, maintenance or use of the premises shown in the Declarations and operations necessary or incidental to those premises; or

2. The project shown in the Declarations.

## VI.
## PRAYER FOR RELIEF

WHEREFORE, Hartford Lloyds respectfully requests and prays for the following relief:

a. A declaration that Hartford Lloyds owes no duty to defend UL, Inc. d/b/a Urban Living or Vinod Ramani under the Policies in the Underlying Lawsuit, including but not limited to litigation expenses, costs and/or appeal bonds;

b. A declaration that Hartford Lloyds owes no duty to indemnify UL, Inc. d/b/a Urban Living or Vinod Ramani under the Policies for any fees, costs, settlements, judgments or otherwise as a result of the Underlying Lawsuit, including but not limited to the Final Judgment;

c. A declaration that the Policies provide no policy benefits and no coverage for the amounts sought or awarded in the Underlying Lawsuit; and

d. A declaration or an award to Hartford Lloyds of such other and further relief that this Court deems just, proper, and equitable.

Respectfully submitted,

By:   */s/Thomas M. Spitaletto*
     Thomas M. Spitaletto
     State Bar No. 00794679
     Southern District Bar No. 19389
     thomas.spitaletto@wilsonelser.com
     Janet L. Tolbert
     State Bar No. 10300510
     Southern District Bar No. 1046748
     janet.tolbert@wilsonelser.com
     WILSON ELSER MOSKOWITZ
       EDELMAN & DICKER LLP
     901 Main Street, Suite 4800
     Dallas, TX 75202-3758
     Telephone: 214-698-8000
     Fax: 214-698-1101

     **ATTORNEYS FOR PLAINTIFF, HARTFORD LLOYDS INSURANCE COMPANY**